UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PATRICIA SUE DAWSON, ) <br> ) <br> Debtor, ) <br> ) | Case No. 12-CV-2089 |
| PATRICIA SUE DAWSON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TERRY QUIGLEY, ) <br> ) <br> Defendant. ) | |

**OPINION**

This case was submitted to this court by the United States Bankruptcy Court for the Central District of Illinois (Bankruptcy case No. 11- 90716) pursuant to 28 U.S.C. § 157(c). Following this court's careful de novo review, this court enters judgment in favor of Defendant, Terry Quigley (Quigley), and against Plaintiff, Patricia Sue Dawson (Dawson).

FACTS

Dawson operated a business known as "Patti's Haircutting Cabin" in Pontiac, Illinois. She leased the premises for the operation of her salon from Quigley. Dawson leased the premises from Quigley for approximately eight years before she relocated her business prior to this suit. On April 14, 2011, Dawson filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court, Central District of Illinois. After Dawson filed for bankruptcy, Quigley removed Dawson's sign indicating she had moved her business to a new location and he posted signs in Dawson's former leased premises which said "out of business" and "filed chapter 7 bankruptcy."

On April 26, 2011, Dawson filed a four-count Complaint against Quigley in the

United States Bankruptcy Court, Central District of Illinois. Dawson sought an injunction prohibiting Quigley from displaying signs, advertising, or otherwise attempting to collect on a debt owed by her (Count I). Dawson alleged that Quigley was in violation of an automatic stay pursuant to 11 U.S.C. § 362(a) (Count II). Dawson also alleged that Quigley committed tortious interference with her economic interest (Count III). Dawson further alleged that Quigley committed libel and/or defamation (Count IV).

On April 27, 2011, Dawson filed a Motion for Preliminary Injunction which was granted by the Bankruptcy Court on May 3, 2011. The Bankruptcy Court's Order enjoined and restrained Quigley from:

a) Displaying signs, advertising, or otherwise communicating to the public or in a manner likely to reach the public, that the Plaintiff is no longer operating her business, is "out of business," or similar statements; and

b) Displaying signs, advertising or otherwise communicating to the public or in a manner likely to reach the public, that the Plaintiff's business has filed a chapter 7 bankruptcy; and

c) Taking any action in an attempt to collect on debts listed in the Plaintiff's bankruptcy schedules, including harassing or otherwise communicating with the Plaintiff or her customers about those debts, at all places and times, and especially at the Plaintiff's new place of business.

Quigley removed all offending signs and communication prior to the Bankruptcy Court's entry of its Order granting Dawson's Motion for Preliminary Injunction.

On December 19, 2011, a brief trial was held on Dawson's four-count Complaint. The only witnesses at trial were Dawson and Quigley. Dawson's four exhibits were admitted into evidence without objection. At the close of the trial, the Bankruptcy Court found in favor of Quigley on all four counts of Dawson's Complaint. On December 22, 2011, the Bankruptcy Court issued a written Order setting out its findings. The court found that

Dawson did not establish any monetary damages as a result of Quigley's actions regarding Count I of the complaint. The court also found that the Dawson failed to establish any willful violation of the automatic stay regarding Count II of the complaint. The court further found that there was no evidence that Dawson suffered any economic loss as a result of Quigley's actions and that Dawson wholly failed to establish any claim for Count III. Finally, the court found that Dawson's testimony alone was insufficient to establish a claim of libel and/or defamation and that she did not establish any economic loss or monetary damages as a result of Quigley's actions.

On January 3, 2012, Dawson filed a Motion to Reconsider, Amend or Vacate Judgment requesting that findings of facts and conclusions of law be amended or reconsidered regarding her libel and/or defamation claim (Count IV). Dawson also argued that the court should reconsider and amend its findings of facts and conclusions of law regarding Counts I-III. Dawson further argued that the Bankruptcy Court lacked jurisdiction to enter a final judgment regarding her libel and/or defamation claim following the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011).

On March 15, 2012, the Bankruptcy Court entered an Opinion. The court stated that it had jurisdiction to enter a final judgment on Counts I through III of Dawson's complaint. The court also stated that Dawson failed to meet her burden of proof as to Counts I through III. The Bankruptcy Court stated:

> In fact, a review of the transcript of this proceeding reveals that in only one instance did the Plaintiff testify concerning monetary damages and that was in regard to advertisements placed in newspapers in Pontiac, Illinois, in which the

> Plaintiff indicated that she was still in business. Even as to the cost of those advertisements, the Plaintiff was not really sure about how much the advertisements cost and could only estimate that the advertisements cost somewhere around $150. No documentary evidence was provided as to the cost of the advertisements, nor was there any evidence presented as to the amount of money, if any, the Plaintiff lost as a result of the Defendant's actions. Given the scant evidence concerning the Plaintiff's request for money damages, this Court finds that there is simply no basis to vacate its judgment as to Counts I through III of the Plaintiff's Complaint.

Finally, the court found that it lacked jurisdiction to enter a final judgment regarding Count IV following the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011). The court stated that it would therefore submit its proposed findings of fact and conclusions of law to this court for entry of a final judgment on Count IV of Dawson's Complaint. The Bankruptcy Court stated:

> As to Count IV of the Plaintiff's Complaint, this Court finds that, even assuming *arguendo* that the Plaintiff established the necessary elements to establish defamation under Illinois law, See: VanHorne v. Mueller, 185 Ill.2d 299 (1998), the Plaintiff utterly failed to establish any monetary damages. As noted above, the trial in this matter was very brief with only the testimony of the Plaintiff and Defendant and the admission of four trial exhibits. A thorough review of the transcript of the trial and the trial exhibits leads this Court to reiterate its conclusion entered on December 22, 2011, finding that

the Plaintiff has failed to establish damages and that, as a result, judgment should be entered in favor of the Defendant and against Plaintiff on Count IV of the Plaintiff's Complaint.

## ANALYSIS

### I. STANDARD OF REVIEW

In this case, the Bankruptcy Court has submitted its proposed findings of facts and conclusions of law to this court pursuant to 11 U.S.C. § 157(c)(1). Section 157(c)(1) provides in relevant part:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). Furthermore, the Federal Rules of Bankruptcy Procedure provide the applicable standard of review. Rule 9033(d) states:

> The district judge shall make a de novo review upon the record, or after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance to this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or

recommit the matter to the bankruptcy judge with instructions.

Fed. R. Bankr. P. 9033(d).

The parties agree that Dawson's libel and/or defamation claim is a non-core proceeding. Dawson submitted a timely objection and appellate brief to this court and the Bankruptcy Court submitted its findings of facts and conclusions of law to this court. Therefore, this court reviews the Bankruptcy Court's findings of facts and conclusions of law regarding Dawson's libel and/or defamation claim de novo.

## II.  REVIEW OF COUNT IV

In her Brief, Dawson presented three issues: (1) whether she established a defamation claim, (2) whether the Bankruptcy Court erred in ruling for Quigley on all counts, and (3) whether the Bankruptcy Court's proposed findings of facts and conclusions of law are supported by the evidence. However, as to her second issue, Dawson has not explained how this case is before this court for ruling on Counts I through III. In fact, Dawson has stated that she has chosen not to further contest the merits of Count III in this court. This court will therefore not address Plaintiff's second issue.

As to the remaining issues, Dawson argued that the Bankruptcy Court did not propose adequate findings of facts related to her libel and/or defamation claim. Moreover, Dawson argued that the Bankruptcy Court did not correctly apply Illinois law to the facts of this case, and thus rendered an incorrect judgment for Quigley on Dawson's libel and/or defamation claim. Dawson argued that certain kinds of defamatory statements are considered defamatory per se and that Quigley's statements are actionable per se. Accordingly, Dawson argued that the Bankruptcy Court erred when it denied her libel and/or defamation claim for

6

failure to establish damages because under Illinois law she did not need to prove actual monetary damages in defamation per se actions.

Dawson also argued that Quigley's posting of the signs entitled her to punitive damages. Dawson argued that she established that the signs Quigley posted were completely false. Accordingly, Dawson argued that Quigley acted with malice because he knew that his statements were false and she was entitled to punitive damages in addition to other presumed damages.

In his Brief, Quigley argued that this court should accept the Bankruptcy Court's findings of fact and conclusions of law regarding Dawson's libel and/or defamation claim. Quigley also argued that the Bankruptcy Court's findings of facts were sufficient to render a final judgment as to this claim. Quigley also argued that the Bankruptcy Court made no finding that Dawson met her burden to establish defamation per se. Moreover, Quigley argued that his statements were reasonably capable of non-defamatory interpretation and thus were not actionable per se under the innocent construction exception.

Dawson filed a Reply Brief. Dawson noted that the Bankruptcy Court did not address the issue of whether Dawson met her burden to establish defamation per se. Dawson therefore argued that the Bankruptcy Court erred in failing to make any finding regarding Dawson's defamation per se claim and that this court should address this issue. Dawson also argued that based on Illinois law, the innocent construction exception does not apply to the situation here.

### A. FINDINGS OF FACTS

In her Brief, Dawson argued that the Bankruptcy Court did not propose sufficient

findings of facts related to her libel and/or defamation claim. She argued that the Bankruptcy Court should have proposed a finding of whether the complained of signs existed. She also argued that the Bankruptcy Court should have proposed a finding of whether Dawson was still conducting her business elsewhere when the signs were posted and whether Quigley was aware of that fact. She also argued that the Bankruptcy court should have proposed a finding of Quigley's intent in posting the signs. Last, she argued that the Bankruptcy court should have proposed a finding of Dawson's non-economic damages.

After careful and thorough review, this court agrees with Dawson that the Bankruptcy Court should have proposed a finding that the complained of signs existed. As Dawson correctly observed, Quigley testified that he posted the signs on Dawson's former business location. The photographic exhibits further support this fact. Moreover, Quigley also testified that he visited Dawson's new business location at least once. Accordingly, this court finds that Dawson was still conducting her business elsewhere and Quigley's testimony supports a finding that he was aware of that fact. However this court agrees with Quigley that, in placing the signs on Dawson's former business location, he intended to portray that she was no longer in business at that location. The evidence demonstrates that she had moved out of Quigley's building during the time that the signs were posted. Moreover, this court finds that the signs were taken down immediately after Dawson's complaint and that Dawson failed to establish any damages as a result of Quigley's actions.

### B. LIBEL AND/OR DEFAMATION

In recommending that judgment be entered in favor of Quigley against Dawson on her defamation claim, the Bankruptcy judge first found that Dawson failed to establish the

necessary elements to establish defamation under Illinois law. He next found that, assuming that Dawson did establish the elements required for defamation under Illinois law, she utterly failed to establish any monetary damages.

In her brief, Dawson argued that the Bankruptcy Court did not correctly apply Illinois law to the facts of the case and rendered an incorrect judgment for Quigley on her libel and/or defamation claim. Dawson argued that certain kinds of defamatory statements are considered defamatory per se and that Quigley's statements are actionable per se. Accordingly, Dawson argued that she did not need to prove economic damages to recover because Quigley's statements should be considered defamation per se under Illinois law and she was not required to prove any actual monetary losses to recover.

Under Illinois law, a defamatory statement is one that "tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him." Van Horne v. Muller, 705 N.E.2d 898, 903 (Ill. 1998). Statements may be considered defamatory per se or per quod. Tuite v. Corbitt, 866 N.E.2d 114, 121 (Ill. 2006). Certain categories of defamatory statements are deemed actionable per se because "they are so obviously and materially harmful to the plaintiff that injury to the plaintiff's reputation may be presumed." Van Horne, 705 N.E.2d at 903. "Illinois law recognizes five categories of defamatory statements which are considered actionable *per se*: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a loathsome communicable disease; (3) those imputing an inability to perform or want of integrity in the discharge of duties of office or employment; (4) those that prejudice a party, or impute a lack of ability in his or her trade, profession or business;

9

and (5) those imputing adultery or fornication." Id. at 903. A defamation per quod action is appropriate where a statement is defamatory on its face but does not fall within one of the limited categories of statements that are actionable per se. Bryson v. News America Publ'ns, Inc., 672 N.E.2d 1207, 1221 (Ill. 1996). In defamation per quod actions, damage to the plaintiff's reputation will not be presumed. Id. The plaintiff has to prove actual damage to her reputation and pecuniary loss resulting from the defamatory statement, known as "special damages," in order to recover. Id. at 1221.

In this case, Dawson contends that Quigley's statements should be considered defamatory per se. Of the five categories recognized as defamation per se under Illinois law, Dawson argues that the relevant categories are: those imputing an inability to perform or want of integrity in the discharge of duties of office or employment and those that prejudice a party or impute lack of ability in his or her trade, profession or business. See Tuite, 866 N.E.2d at 121. This court does not agree with Dawson that Quigley's statements constituted defamation per se.

"Statements that have been deemed defamatory *per se* by Illinois courts under the third and/or fourth categories have always been related to job performance; to succeed, the plaintiff must have been accused of lacking *ability in his trade* or doing something bad *in the course of carrying out his job*." Cody v. Harris, 409 F.3d 853, 857 (7th Cir. 2005) (emphasis in original). In Kumaran v. Brotman, the court found that the plaintiff could plead a cause of action for defamation per se under the third and fourth categories because the defendant stated in a newspaper article that the plaintiff was "working a scam" by filing numerous lawsuits to extract monetary settlements on a full time basis. Kumaran v. Brotman, 617

10

N.E.2d 191, 198-199 (Ill. App. Ct. 1993). The court found that the newspaper article could be found to be defamatory per se because it could be understood to have prejudiced the plaintiff as a schoolteacher. Id. The court noted the defamatory statement was directly tied to the plaintiff's profession because, as a schoolteacher, plaintiff had the duty to set a good example and to serve as a role model for students. Id. at 199. The court found that by portraying the plaintiff as a swindler, the statements presented him as someone who would not be an acceptable role model for students. Id. Similarly, in Parker v. House O'Lite Corp., the court found defamation per se when the plaintiff was accused of rigging the specifications so that only his brother in law would be able to get the job. Parker v. House O'Lite Corp., 756 N.E.2d 286, 295 (Ill. App. Ct. 2001). In that case, the court found that the statements imputed the plaintiff with "an inability to perform or want of integrity in the discharge of duties of office or employment." Id. at 296. In both cases, the statements made by the defendants imputed the plaintiffs' lack of ability to perform their employment responsibilities.

In this case, Quigley's signs did not disparage Dawson's skills in her profession or trade. The signs "out of business" and "filed chapter 7 bankruptcy" did not impute her job performance, rather they stated that Plaintiff was out of business at that location and that she had filed for bankruptcy. Quigley's statements do not portray Dawson as an unskilled hairdresser nor do they impute a want of integrity in her employment. Accordingly, this case is not like the Illinois cases that have found defamation per se under these two categories.

Even if this court believed that Quigley's statements constituted defamation per se, it will not be actionable per se if it is reasonably capable of an innocent construction. See

11

Bryson, 672 N.E.2d at 1215. In Illinois courts, this determination is made by the judge and is regarded as a question of law. Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). The innocent construction rule requires courts to consider a statement in context, giving words their natural and obvious meaning. Bryson, 672 N.E.2d at 1215. If a statement is capable of two reasonable constructions, one defamatory and one innocent, the innocent one will prevail. Muzikowski, 322 F.3d at 925. The rigorous standard of the innocent construction rule favors defendants in per se actions so that a nondefamatory interpretation must be adopted if it is reasonable. Anderson v. Vanden Dorpel, 667 N.E.2d 1296, 1302 (Ill. 1996). This tougher standard is warranted because damages are presumed in per se actions. Id.

Dawson argued that there is no reasonable innocent construction of the "out of business" and "filed chapter 7 bankruptcy" signs that were posted in her former business location. Dawson argued that no reasonable person could come to any conclusion when viewing Quigley's signs other than that Plaintiff was no longer in business and was no longer available to style hair. Dawson argued that no rational observer would construe the signs to mean that Dawson relocated her business. This court disagrees. The signs "filed for chapter 7 bankruptcy" and "out of business" may be innocently construed. When construed in context, the signs may be understood to simply mean that Dawson has relocated her business. Dawson was out of business at that location. Moreover, Dawson had in fact filed for bankruptcy during the time the "filed for chapter 7 bankruptcy" sign was posted. This court is not required to balance reasonable constructions. See Green v. Rogers 917 N.E.2d 450, 463 (Ill. 2009). However, when a defendant clearly intends and unmistakably conveys a

12

defamatory meaning, a court should not strain to see an inoffensive gloss on the statement. Id. This court does not believe that Quigley unmistakably conveyed a defamatory meaning in posting the signs. Accordingly, this court concludes that the signs were subject to an innocent construction and are therefore not actionable under a per se theory.

This court concludes that Dawson failed to establish defamation per se. Her claim is better construed as defamation per quod. Under defamation per quod, Dawson had to prove actual damage to her reputation and pecuniary loss resulting from the defamatory statement in order to recover. See Bryson, 672 N.E.2d at 1121. This court agrees with the Bankruptcy Court that she failed to do so. After careful review, this court concludes that Dawson failed to establish any monetary damages as a result of Quigley's actions.

For all the reasons stated, this court holds that Dawson failed to establish a defamation per se claim or a defamation per quod claim against Quigley. Judgment is entered in favor of Quigley and against Dawson.

IT IS THEREFORE ORDERED THAT:

(1) Judgment is entered in favor of Quigley and against Dawson on Count IV of Dawson's Complaint.

(2) This case is terminated in the district court.

ENTERED this 27th day of July, 2012

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE